IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| IN RE US FERTILITY, LLC<br>DATA SECURITY LITIGATION<br><br>**This Document Relates To:**<br>All Actions | Master File No. 8:21-cv-299 |

**APPLICATION OF GARY E. MASON
FOR APPOINTMENT AS CO-LEAD COUNSEL**

### I.     BACKGROUND

I, Gary E. Mason, respectfully seek appointment as Co-Lead Counsel of this matter.[1] As the founding partner of Mason Lietz & Klinger LLP ("MLK"), a national class action law firm based in Washington, D.C. with an unparalleled track-record of litigating and resolving class actions arising from health care data breaches, and as a class action attorney who has litigated class actions in Maryland and across the country for more than 30 years, I have the depth of experience necessary to prosecute this matter effectively and efficiently and maximize the results achieved for the class. I attach as **Exhibit A** my firm's resume.

### II.    PRIOR DATA BREACH, PRIVACY AND MDL EXPERIENCE

I have been prosecuting privacy cases since the early 2000's when I was the first attorney in legal history to successfully settle a privacy case on a class-wide basis against Google.[2] Soon thereafter, I achieved a substantial settlement with the Department of Veterans Affairs after the

---

[1] Given the quality of the applicants and the size of this case, it would be sensible for the Court to appoint two lawyers as Co-Lead Counsel and one Liaison Counsel. Among the many outstanding candidates, I endorse both Gayle Blatt and John Yanchunis for their exceptional data breach experience and the high regard in which they are held by their colleagues.

[2] *In re Google Buzz Priv. Litig.*, No. 5:10-cv-00672-JW (N.D. Cal.) (Lead Counsel). I served as Court-appointed Lead Counsel in a class action against Google alleging that the automatic enrollment of Gmail users in Google Buzz caused the public disclosure of Gmail users' information such as contact lists, profile information, and Picasa and YouTube postings. The Hon. James Ware (Ret.) approved a $10 million settlement fund. Hon. James Ware (Ret.) may be reached at JAMS, Two Embarcadero Center, Ste. 1500, San Francisco, CA 94111 or at (415) 774-2611.

District Court for the District of Columbia rendered a seminal opinion on the federal Privacy Act.[3] More recently, I am serving as the Court-appointed Liaison Counsel in litigation arising from a major data breach of the U.S. Office of Personnel Management.[4]

My recent experience with healthcare data breach class actions is especially applicable to this case. Drawing on decades of class action and data breach expertise, MLK is one of the leading firms representing victims of health care data breaches in the United States today. Few, if any, firms have litigated and successfully settled as many health care data breach cases as we have. MLK is currently prosecuting more than 90 class actions involving data breaches or the improper use of personal information, 44 of which directly relate to data breaches of health care companies like U.S. Fertility (*e.g.*, hospitals, nursing homes, third-party health insurance administers, medical practices, payroll servicers and testing laboratories). Two of these cases are currently pending in the State of Maryland.[5] In five of these cases, plaintiffs represented by MLK successfully defeated motions to dismiss.[6]

---

[3] *In re Dep't of Veterans Affs. (VA) Data Theft Litig.*, No. 1:06-mc-00506-JR, MDL No. 1796 (D.D.C.) (Co-Lead Counsel). I served as Co-Lead in a class action against the U.S. Department of Veteran Affairs alleging the VA permitted unauthorized parties to acquire the PII of 28.5 million military veterans and active duty personal. After defeating the government's motion to dismiss (*see In re VA Data Theft Litig.*, 2007 U.S. Dist. LEXIS 96696 (D.D.C.)) the case was settled by the creation of a $20 million settlement fund. Magistrate Judge Alan Kay mediated the settlement negotiations. Hon. James Robertson (Ret.) may be reached at JAMS, 1155 F St. NW, Ste. 1150, Washington, D.C. 20004 or at (202) 533-2019. Magistrate Judge Alan Kay may be reached at USDC, District of Columbia, E. Barrett Prettyman U.S. Courthouse, 333 Constitution Ave. NW, Washington, D.C. 20001 or at (202) 354-3030.

[4] *In re U.S. Off. of Pers. Mgmt. Data Sec. Breach Litig.*, No.1:15-cv-01394-ABJ, MDL No. 2664 (D.D.C.) (Liaison Counsel). I served as Liaison Counsel for a committee of five firms in a class action against the U.S. Office of Personnel Management ("OPM") alleging the OPM permitted unauthorized parties to acquire the PII of 21.5 million current and former federal employees, job applicants, contractors, and relatives, the Hon. Amy Berman Jackson, presiding. Judge Jackson may be reached at USDC, District of Columbia, E. Barrett Prettyman U.S. Courthouse, 333 Constitution Ave. NW, Washington, D.C. 20001 or at (202) 354-3460. MLK also currently serves as one of two Court-appointed Lead Counsel in *Finnigan v. Canon U.S.A., Inc.*, No. 1:20-cv-06239-AMD-SJB (S.D.N.Y.) (also a data breach class action).

[5] *Rosario v. Dynasplit Sys.*, No. 1:20-cv-03439 (D. Md.) (Gallagher, J.) and *Klem v. Md. Health Enterp., Inc.*, No. C-03-cv-002899 (Md. Cir. Ct.) (Stringer, J.).

[6] *See Carr v. Beaumont Health*, No. 2020-18002 (Mich. Cir. Ct.); *Aronwitz v. Hackensack Meridian Health*, No. MID-L-001683-20 (N.J. Super. Ct.); *Richardson v. Overlake Hosp. Med. Ctr.*, No. 22-2-07460-8 (Wash. Super. Ct.); *Patenaude v. Meridian Heath Serv. Inc.*, No. 18C05-20050-CT-000050 (Iowa Dist. Ct.); and *Cece v. St. Mary's Health Care Sys., Inc*., No. SU20CV0500 (Ga. Super. Ct.).

Filing cases is one thing. Resolving cases to the satisfaction of the plaintiffs, class members and the courts is another. My firm is proud of the significant results it has obtained for the plaintiffs and members of the classes it represents. Since its formation in March 2021, MLK has successfully settled five health care data breach cases on a class-wide basis (see below), and we are currently preparing settlement papers in seven others. The settled cases include:

- *Bailey v. Grays Harbor Cnty. Pub. Hosp.*, No. 20-2-00217-14 (Wash. Super. Ct., final approval granted Sept. 21, 2020).

- *Chatelain v. C, L, & W PLLC d/b/a Affordacare*, No. 52742-A (Tex. Dist. Ct., final approval granted Nov. 6, 2020).

- *Mowery v. St. Francis Healthcare Sys.*, No. 1:20-cv-00013-SRC (E.D. Mo., final approval granted Dec. 12, 2020).

- *Baksh v Ivy Rehab Network, Inc.*, No. 7:20-cv-01845 (S.D.N.Y., final approval granted Jan. 27, 2021).

- *Jackson-Battle v. Navicent Health, Inc.*, No. 2020-cv-072287 (Ga. Super. Ct., mot. for prelim. approval filed Jan. 27, 2021).

In addition, MLK has successfully resolved one non-health related data breach on a class-wide basis, *Nelson v. Idaho Cent. Credit Union*, No. CV03-2000831 (Idaho Dist. Ct., final approval scheduled for June 1, 2021), and we are currently in mediation on several others.

Apart from data breach and privacy class actions, I am currently serving as Court-appointed Co-Lead Counsel in *In re Hill's Pet Nutrition, Inc. Dog Food Prods. Liab. Litig.*, No. 2:19-md-02887-JAR-TJJ, MDL No. 2887, a consumer class action in which the proposed settlement creating a $12.5 million common fund was recently approved preliminarily. I am also serving as Court-appointed Co-Lead Counsel in *In re DevaCurl Hair Prods. Litig.*, No. 1:20-cv-01234-GHW (S.D.N.Y.). Additional notable cases I have litigated include:

- **In re Swanson Creek Oil Spill Litig., No. PJM-00-1429 (D. Md.) (Lead Counsel) (Messetti, J.).** I was Lead Counsel in a case arising from the largest oil spill in history of State of Maryland. The case was resolved on a class-wide basis for area property owners with the creation of a $2.25 million settlement fund.

3

- *Kendrick v. Standard Fire Ins. Co.*, **No. 06-141-DLB (E.D. Ky.) (Lead Counsel).** I served as Lead Counsel in a class action against eleven insurance companies alleging improper collection of local government premium taxes. After the class was certified by the Hon. David L. Bunning, *see Kendrick v. Standard Fire Ins. Co.,* No. 06-141-DLB, 2010 U.S. Dist. LEXIS 135694 (E.D. Ky. Sept. 30, 2010), *& aff'd on appeal*, *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532 (6th Cir. 2012) (Stranch, J.), in an oft-cited opinion (235 citations to date), all defendants settled by creating settlement funds and directly refunding its insureds. Judge Bunning can be reached at the USDC, Eastern District of Kentucky, 35 W. 5th St., Covington, KY 41011 or at (859) 392-7907.

- *Galanti v. Goodyear Tire & Rubber Co.*, **No. 3:03-cv-00209-SC (D.N.J.) (Co-Lead Counsel).** I served as Co-Lead Counsel in a class action against Goodyear alleging that the tubing it supplied for certain radiant heating systems was defective. The Hon. Stanley Chesler approved a $330 million settlement fund. Judge Chesler may be reached at USDC, District of New Jersey, Clarkson S. Fisher Federal Building and U.S. Courthouse, 402 State St., Trenton, NJ 08608 or at (973) 645-3136.

- *Hobbie v. RCR Holdings II, LLC*, **No. 2:10-cv-01113-EEF (E.D. La.) (Co-Lead Counsel).** I served as Co-Lead Counsel in a class action against various manufacturers of Chinese drywall and the builder of a 354-unit condominium built with Chinese drywall. The Hon. Eldon E. Fallon approved a settlement for complete remediation at cost of over $30 million. Judge Fallon may be reached at the USDC, Eastern District of Louisiana, U.S. Courthouse, 500 Poydras St., New Orleans, LA 70130 or at (504) 589-754.

### III. PROCEDURES TO MONITOR BILLING, CONTROL COSTS, AND AVOID DUPLICATIVE EFFORTS BY PLAINTIFFS' COUNSEL

I have often employed protocols on my cases to ensure that the litigation is pursued efficiently, without unnecessary effort and duplication, and in a manner that can be best supervised by the Court, including protocols to govern timekeeping, monthly submission of time and cost records, and other administrative tasks, consistent with Appendix B to the U.S. District Court of Maryland Local Rules, Rules and Guidelines for Determining Attorneys' Fees in Certain Cases. These work assignments and billing protocols will include, without limitation, the following elements: All counsel will submit uniform monthly billing reports to Co-Lead Counsel for auditing. If the Court wishes, Co-Lead Counsel will submit billing to the Court for review on a regular basis; Co-Lead Counsel will maintain contemporaneous time records and will instruct all Plaintiffs' counsel to do so; Plaintiffs' counsel shall bill in increments no larger than a tenth of an hour and shall maintain records in such a way that each billed activity is recorded separately; no

4

work will be considered billable unless specifically assigned by Co-Lead Counsel; Co-Lead Counsel will staff the case efficiently on an as-needed basis, with staff of appropriate seniority, skill set, and expertise; Co-Lead Counsel will limit his or her firm to no more than three attorneys to bill on the case, unless Co-Lead Counsel agree that the circumstances warrant higher levels of staffing; unless otherwise authorized by Co-Lead Counsel, only Co-Lead Counsel and counsel responsible or the relevant discovery will be permitted to attend depositions; only reimbursement for economy or coach-class airfare and reasonable arrangements for lodging not to exceed $300 per night will be permitted; and Proposed Co-Lead Class Counsel shall not seek reimbursement for expenses or costs incurred as part of normal overhead costs for running a law firm.

Moreover, as MLK has done in other complex litigations with lead and non-lead firms, we will utilize a secure online platform to upload important documents and communicate with non-lead counsel so that they may be apprised of the status of the litigation.[7]

### IV.     THE MLK FEE PROPOSAL

If selected, MLK proposes that upon successful resolution of the litigation, any motion for attorneys' fees shall be made in a manner consistent with Appendix B of the Local Rules. In the event a common fund is established as a part of settlement, Co-Lead Counsel should not seek attorneys' fees in excess of 28% of the common fund. *Boyd v. Coventry Health Care Inc.*, 299 F.R.D. 451, 465 (D. Md. 2014) (Fourth Circuit generally approves of "awards of attorneys' fees in the ranges of 25% to 28% of the common fund").

### V.     CONCLUSION

For the foregoing reasons, I respectfully request that the Court appoint me and my firm as Co-Lead Counsel in this matter.

---

[7] Indeed, I have already established and implemented for all counsel in this case an email list server and a shared secure website for ease of group communication and collaboration.

| | |
|---|---|
| Dated: March 30, 2021 | Respectfully submitted, |

*/s/ Gary E. Mason*
Gary E. Mason
**MASON LIETZ & KLINGER LLP**
5101 Wisconsin Avenue NW, Suite 305
Washington, D.C. 20016
Tel.: (202) 640-1160
Fax: (202) 429-2294
gmason@masonllp.com

*Counsel for Plaintiff Christopher Mateson*
Case No. 8:21-cv-00466-PWG


## CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2021, I caused to be filed the foregoing document. This document is being filed electronically using the Court's electronic case filing (ECF) system, which will automatically send a notice of electronic filing to the email addresses of all counsel of record.

| | |
|---|---|
| Dated: March 30, 2021 | */s/ Gary E. Mason* |
| | Gary E. Mason |