IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| IN RE US FERTILITY, LLC DATA SECURITY LITIGATION<br><br>This Document Relates To:<br><br>All Actions | Master File No. 8:21-cv-299 |

**APPLICATION FOR APPOINTMENT OF JOHN A. YANCHUNIS AS INTERIM CLASS COUNSEL, AS PART OF THE *VINSANT-DOE* SLATE**

John A. Yanchunis respectfully requests the Court appoint him, along with Gayle M. Blatt, David M. Berger, and Hassan A. Zavareei, as Interim Class Counsel and Nikoletta Mendrinos as liaison counsel (the "*Vinsant-Doe* Slate"). Alternatively, Mr. Yanchunis seeks appointment as Lead Counsel should the Court prefer a different structure. The *Vinsant-Doe* Slate is led by the lawyers who filed the first (*Vinsant*) and second (*Doe*) data security cases in this District. This team represents the diversity of the bar and is composed of distinguished practitioners in consumer class litigation and, in particular, privacy and data security litigation. They are "best able to represent the interests of the class," Fed. R. Civ. P. 23(g)(2), and request that the Court appoint them to do so.

**ARGUMENT**

**I.    The *Vinsant-Doe* Slate's proposed leadership structure will benefit the classes.**

The proposed *Vinsant-Doe* Slate will manage and oversee the litigation, vested with all strategic decision-making authority. To ensure efficiency and draw upon each lawyer's respective strengths, I will manage and coordinate with experts; Mr. Zavareei will manage legal issues and briefing; Ms. Blatt will lead plaintiff vetting, defensive discovery, and drafting the consolidated complaint; Mr. Berger will lead offensive discovery; and Ms. Mendrinos will facilitate filings and ensure compliance with this Court's local rules.

This framework will encourage a collaborative environment among the firms to develop the litigation strategies necessary to represent the best interests of the class affected by this data breach. Plaintiffs and the class will also benefit from the decades of managerial experience that Ms. Blatt, Mr. Zavareei, and I have in class action litigation, including Multidistrict Litigation, to control costs, avoid duplication of efforts, and ensure efficient and effective litigation.

Finally, the *Vinsant-Doe* Slate has a demonstrable history of cooperating with attorneys in litigation, as evidenced by the experience in Section III, and will involve as necessary and in an efficient manner the lawyers who have filed other cases. Moreover, their respective viable clients would be included in any representative or consolidated complaints.

## II. Mr. Yanchunis has performed substantial work investigating this case.

Before filing his case, Mr. Yanchunis, as part of a team of attorneys, conducted a preliminary evaluation of the case after being retained by two plaintiffs (three additional plaintiffs subsequently retained Mr. Yanchunis). The assessment required significant factual research on the breach itself; US Fertility's contracts and practices regarding collection and storage of customers' PII; US Fertility's privacy and security representations to customers; US Fertility's communications with security breach victims; FTC guidelines and US Fertility's failure to follow them; and harm to Plaintiffs Jane Doe and John Doe and the proposed class caused by the breach. Mr. Yanchunis and his team also conducted legal research to determine the viable causes of action and the damages theories to assert.

Mr. Yanchunis has also performed additional significant work to advance this litigation by retaining and having preliminary discussions with several key experts in the data breach and privacy field. These experts include a premier technical expert in data breach litigation field, a white hat cybersecurity, compliance, and forensics expert, a forensic damage expert and finally an actuary. Mr. Yanchunis has worked with these experts in numerous cases; thus, he knows their skillsets and can utilize their strengths to the efficient and effective benefit of the consumer class in this case. Moreover,

Mr. Yanchunis' firm employs a retired FBI agent, who has been crucial to developing pre-discovery records in prior data breach and privacy litigation and have begun similar investigations in this case. This investigator, who led the FBI's investigation into Enron when he was with the FBI, has been focused on developing information through informal discovery.

**III.     Mr. Yanchunis has significant experience and knowledge of the applicable law.**

Mr. Yanchunis leads Morgan & Morgan's class action group, a successful and highly regarded nationwide practice focusing on class actions and complex consumer litigation. A detailed résumé is attached as **Exhibit A**. Morgan & Morgan is the largest plaintiffs-only law firms in the country, with over 700 lawyers in offices throughout the United States.

Mr. Yanchunis has been a trial lawyer for 38 years—a career that began after the completion of a two-year clerkship with United States District Judge Carl O. Bue (Southern District of Texas, now retired). As a result of his experience in insurance and complex litigation, beginning in 2005, he was selected by Tom Gallagher, the Chief Financial Officer for the state of Florida and a member of the Florida Cabinet, to serve as lead counsel for the Florida Department of Financial Services and the Florida Department of Insurance Regulation (the insurance regulators of Florida) in their investigations of the insurance industry on issues concerning possible antitrust activity and other possible unlawful activities regarding the payment of undisclosed compensation to insurance brokers. He served as lead regulator counsel and worked with a core group of state Attorneys General from the National Association of Attorneys General, which were selected to conduct the investigations. The insurance regulator for Florida was the only insurance regulator in the group. The litigation that was filed and the related investigations netted millions of dollars in restitution for Florida consumers and resulted in significant changes in the way commercial insurance is sold in Florida and across the country.

During his career, he has tried numerous cases in state and federal courts, including one of the largest and longest insurance coverage cases in U.S. history, which was filed in 1991 by the Celotex

3

Corporation and its subsidiary, Carey Canada, Inc. During the seventeen years the case remained pending, he served as lead counsel for several insurance companies, regarding coverage for asbestos and environmental claims. The case was tried in three phases over several years beginning in 1992. He was also lead counsel for these parties in subsequent appeals that followed a judgment in favor of his clients.

Mr. Yanchunis began his work in privacy litigation in 1999 with the filing of *In re Doubleclick Inc. Privacy Litigation*, No. 00 CIV 0641 NRB (S.D.N.Y.), an action alleging privacy violations based on the placement of cookies on hard drives of internet users. Beginning in 2003, he served as co-Lead Counsel in the successful prosecution and settlement of privacy class action cases involving the protection of privacy rights of more than 200 million consumers under the Driver's Protection Privacy Act (DPPA) against the world's largest data and information brokers, including Experian, R.L. Polk, Acxiom, and Reed Elsevier (which owns Lexis/Nexis). *See Fresco v. Automotive Directions, Inc.*, No. 03-61063-JEM (S.D. Fla.); *Fresco v. R.L. Polk*, No. 07-cv-60695-JEM (S.D. Fla.). He also served as co-Lead Counsel in the DPPA class cases, *Davis v. Bank of Am.*, No. 05-cv-80806 (S.D. Fla.) ($10 million class settlement), and *Kehoe v. Fidelity Fed. Bank and Trust*, No. 03-cv-80593 (S.D. Fla.) ($50 million class settlement).

Mr. Yanchunis has personally has had leadership positions in many of the largest data breach cases filed: *In Re: Capital One Consumer Data Sec. Breach Litig.*, No. 19-md-2915 (E.D. Va.) (Co-Lead Counsel) (litigation ongoing, discovery closed, class certification brief due April,2021)); *In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, No. 16-md-02752-LHK (N.D. Cal.) (Lead Counsel) (final approval of a settlement with a common fund of $117,500,000 entered in May 2020)); *In re Equifax, Inc. Customer Data Sec. Breach Litig.*, No. 17-md-2800-TWT (N.D. Ga.) (member of the Plaintiffs' Steering Committee) (final judgment approving largest data breach settlement in history was entered in December, 2019); *Adkins v. Facebook, Inc.*, No. 18-cv-5982-WHA (N.D. Cal.) (co-lead counsel) (obtained highly contested certification of a Rule 23(b)(2) injunction class, final approval of a class action settlement is set for April, 2021); *In re U.S. Office of Pers. Mgmt. Data Sec. Breach Litig.*, No. 15-mc-01394-ABJ (D.D.C.) (member of

4

the Executive Committee) (dismissal on standing grounds recently reversed on appeal to the D.C. Circuit); *In re The Home Depot, Inc. Consumer Data Sec. Data Breach Litig.*, No. 14-md-02583-TWT (N.D. Ga.) (co-Lead Counsel) (final judgment entered approving a settlement on behalf of a class of 40 million consumers with total value of $29,025,000); *In re Target Corp. Customer Data Sec. Breach Litig.*, MDL No. 2522 (D. Minn.) (Executive Committee member) (final judgment approving a settlement on behalf of a class of approximately 100 million consumers upheld by the 8th Circuit). A comprehensive list of the data breach class cases which he has handled is included in his résumé.

Mr. Yanchunis' experience in these major privacy matters extends far beyond simply leadership of teams of lawyers in the advancement of the litigation, briefing threshold issues and negotiating settlements. Mr. Yanchunis has personally deposed officers, corporate representatives, software engineers, data scientists and CISOs in cases such as *Capital One*, *Yahoo!* and *Facebook*. In *Yahoo!*, Defendants produced more than 9 million pages of documents, Plaintiffs deposed nine witnesses, and Plaintiffs provided reports for, and defended depositions of, their four expert witnesses. In *Capital One*, the number of depositions exceeds 30 to date. Mr. Yanchunis' *Yahoo!* and *Facebook* teams briefed both class certification and *Daubert* motions. Mr. Yanchunis will contribute the time and resources necessary for the litigation. His law firm has the resources necessary to prosecute this case; it is self-funded and do not (and will not here) use any third-party financing, litigating on a pure contingency basis.

## CONCLUSION

For the reasons set forth herein, Mr. Yanchunis respectfully requests appointment as Interim Class Counsel along with the other members of the *Vinsant-Doe* Slate, or alternatively, Lead Counsel.

Dated: March 30, 2021                                        Respectfully submitted,


By:     /s/ John A. Yanchunis

5

John A. Yanchunis (admitted *pro hac vice*)
Ryan D. Maxey (admitted *pro hac vice*)
Morgan & Morgan
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
(813) 223-5505
jyanchunis@forthepeople.com
rmaxey@forthepeople.com

*Counsel for Plaintiffs Jane Doe and John Doe*

## CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2021, I electronically filed the foregoing Application with the Clerk of Court using the CM/ECF system.

By: */s/ John A. Yanchunis*
John A. Yanchunis (admitted *pro hac vice*)
Ryan D. Maxey (admitted *pro hac vice*)
Morgan & Morgan
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
(813) 223-5505
jyanchunis@forthepeople.com
rmaxey@forthepeople.com