**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

*Southern Division*

| | |
|---|---|
| IN RE US FERTILITY, LLC DATA SECURITY LITIGATION<br><br>This Document Relates To:<br><br>All Actions | Master File No. 8:21-cv-299<br><br>HON. PETER J. MESSITTE |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE UNDER SEAL AN EXHIBIT TO THEIR PROPOSED SETTLEMENT AGREEMENT FILED IN SUPPORT OF THEIR MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Pursuant to Federal Rule of Civil Procedure 26(c)(1) and Local Rule 105.11, Plaintiffs respectfully request leave to file under seal an exhibit to their proposed settlement agreement filed in support their motion for preliminary approval of class action settlement. Plaintiffs do not seek to file any portion of their supporting memorandum under seal. The grounds for Plaintiffs' motion are set forth herein.

**BACKGROUND**

On November 24, 2021, the Court entered a Stipulated Protective Order ("SPO") permitting parties to designate as "Confidential" non-public information that:

> "(i) contains sensitive personal identifying information, protected health information, trade secrets or other confidential research, development or commercial information, the disclosure of which may have the effect of causing harm to any Party, or person from whom the information was obtained, or to the Parties' or third-parties' legitimate privacy interests; or (ii) contains information over which the Designating Party has a duty or obligation to maintain confidentiality."

(SPO ¶ 1(b), ECF 72.) Further, the SPO also permits parties to designate as "Highly Confidential" non-public information that:

> "(i) concerns or relates to the highly sensitive personal, confidential, financial, commercial, proprietary, cybersecurity, competitively

1

sensitive, or trade secret information of any Party or any third party; or (ii) contains "PII" or "PHI;" or (iii) contains information over which the Designating Party has a duty or obligation to maintain a high level of confidentiality.

(*Id.* at ¶ 1.e.) The SPO permits parties to file under seal information and documents designated as "Confidential" or "Highly Confidential." (*Id.* at ¶ 9.)

Pursuant to Local Rule 105.11, Plaintiffs are filing under seal an unredacted version of Exhibit A to the proposed settlement agreement in support of their motion for preliminary approval of class action settlement. Plaintiffs are filing their memorandum in support of their motion for preliminary approval of class action settlement on the public docket without redactions and without Exhibit A.

## MATERIALS TO BE SEALED

Plaintiffs seek leave to file under seal Exhibit A to the proposed settlement agreement, titled "Business Practice Commitments Incorporated into Settlement Agreement." Plaintiffs seek leave to file the exhibit under seal because it contains confidential information regarding Defendant US Fertility's computer security and cyber security. Specifically, the exhibit includes information regarding Defendant US Fertility's post-breach actions and commitments, including changes to security, policies, procedures, personnel, hardware, protocols, and technologies.

This exhibit is being filed under seal because it reveals information that could be used by a threat actor to gain access to Defendant US Fertility's data or circumvent its defenses. *Marsteller v. MD Helicopter Inc.*, 2018 WL 4679645, at *3 (D. Ariz. Sept. 28, 2018) ("'Because disclosure of the particular safeguards MDHI uses to protect its system could make it easier for malicious parties to evade those safeguards' the Court finds compelling reasons to keep such information under seal."); *see In re Google Inc. Gmail Litig.*, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (sealing information because "hackers and spammers could use this information to

circumvent Google's anti-virus and anti-spam mechanisms"); *see also Campbell v. Facebook Inc.*, 2016 WL 7888026, at *2 (N.D. Cal. Oct. 4, 2016) (finding good cause to seal "information regarding the processes and functionality of Facebook's security and antiabuse products and systems.")

This document is also being filed under seal because the disclosure of this confidential information could pose a security risk to Defendant US Fertility's computer environment and the IT security tools and methods it employs to safeguard data. *See Hansauer v. TrustedSec, LLC*, 2020 WL 6546210, at *3-4 (N.D. Ohio Nov. 6, 2020) (sealing documents containing reports on methods, tools, and techniques used to investigate cybersecurity attack as information could be used by threat actors to "attempt to exploit personal and confidential information in those systems"); *Bohannon v. Facebook, Inc.*, 2014 WL 5598222, at *3-4 (N.D. Cal. Nov. 3, 2014) (granting motion to seal documents that included information pertaining to defendant's "fraud management system" because "disclosure of this information could be abused by malicious parties" and "could cause [defendant] financial and operational harm").

Plaintiffs' proposal is the least restrictive means to protect confidential information while providing the public with access to their motion for preliminary approval of class action settlement. Plaintiffs seek to seal only Exhibit A containing Highly Confidential information as defined by the SPO. At this stage, Plaintiffs do not believe there are any viable alternatives to sealing information that would provide the parties sufficient protection.

Good cause exists to file Exhibit A under seal only to ensure compliance with the SPO and to avoid inviting malicious actors to exploit the confidential information to penetrate Defendant US Fertility's computer systems. If the Court, or any third party, disagrees with any assertions about the confidential nature of the information proposed to be sealed, Plaintiffs respectfully

request the Court provide them an opportunity to present further argument and evidence with respect to the confidentiality of that information.

## CONCLUSION

Accordingly, pursuant to Rule 26(c)(1) and Local Rule 105.11, Plaintiffs respectfully requests the Court grant their motion for leave to file under seal the exhibit it is filing in support of its motion for preliminary approval of class action settlement.

Dated: August 21, 2023

/s/ Gayle M. Blatt
Gayle M. Blatt (Bar No. 122048)
**CASEY GERRY SCHENK FRANCAVILLA BLATT & PENFIELD, LLP**
110 Laurel Street
San Diego, CA 92101
Telephone: (619) 238-1811
Facsimile: (619) 544-9232
gmb@cglaw.com

*Interim Co-Lead Class Counsel*

/s/ David M. Berger
David M. Berger (pro hac vice)
**GIBBS LAW GROUP LLP**
1111 Broadway, Suite 2100
Oakland, California 94607
Telephone: (510) 350-9700
Fascimile (510) 350-9701
dmb@classlawgroup.com

*Interim Co-Lead Class Counsel*

/s/ Hassan A. Zavareei
Hassan A. Zavareei (Bar No. 18489)
**TYCKO & ZAVAREEI LLP**
2000 Pennsylvania Ave NW, Suite 1010
Washington, DC 20006
(202) 973-0900
Fax: (202) 973-0950
hzavareei@tzlegal.com

*Interim Co-Lead Class Counsel*

/s/ John A. Yanchunis
John A. Yanchunis (Bar No. 0324681)
**MORGAN & MORGAN**
201 N. Franklin Street
7th Floor
Tampa, FL 33602
Telephone: (813) 233-5505
jyanchunis@forthepeople.com

*Interim Co-Lead Class Counsel*

/s/ Nikoletta S. Mendrinos
Nikoletta S. Mendrinos (Bar No. 18961)
**MURPHY, FALCON & MURPHY**
One South Street, 30th Floor
Baltimore, Maryland 21202
Telephone: (410) 951-8744
Facsimile: (410) 539-6599
nikoletta.mendrinos@murphyfalcon.com

*Liaison Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2023, the foregoing was filed with the Clerk of Court using CM/ECF, which will send notification to the registered attorneys of record that the document has been filed and is available for viewing and downloading.

/s/ *Nikoletta S. Mendrinos*
Nikoletta S. Mendrinos
